**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

INNOVATIT SEAFOOD SYSTEMS, LLC,  )
                                                    )
              Plaintiff,                  )
                                                    )
             v.                             )        Civil Action No. 06-0825(JR)
                                                    )
COMMISSIONER FOR PATENTS,  )
                                                    )
             Defendant.                )

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO DEEM
COMPLAINT FILED AS OF APRIL 24, 2006**

In this action to obtain the issuance of a patent, plaintiff, Innovatit Seafood Systems, LLC, ("Innovatit"), seeks an Order deeming the complaint in this action to have been filed nunc pro tunc as of April 24, 2006. On April 24, 2006, the Clerk's Office received Innovatit's complaint and all other required documents to initiate this action. However, because the complaint was not signed by a member of the Bar of the Court, it was rejected and returned to Innovatit's Louisiana patent counsel. Innovatit promptly retained counsel admitted in this Court and re-filed the action. Because of a statutory deadline, the Clerk's rejection of the filing could lead to the loss of a substantive right.[1]

**BACKGROUND**

On September 1, 2001, Ernest A. Voisin ("Voisin") filed U.S. patent application Serial No. 09/949,704 ("the '704 application"), entitled "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and An Apparatus Therefor." (Complaint ¶¶ 1, 3). The invention relates to a post-pressurized bacteria-free raw shellfish (*e.g.*, oysters)

---

[1]     Innovatit has filed a related complaint and motion in another case pending in this Court, *Innovatit Seafood Systems, LLC v. Commissioner for Patents*, Civil Action No. 06-0822(JR).

that have been subjected to high pressure in the range of 20,000 to 50,000 p.s.i. to render the product substantially bacteria-free, while maintaining sensory characteristics of raw shellfish. (*Id*. ¶ 3). The plaintiff, Innovatit, a family-owned Louisiana corporation located in Houma, Louisiana, is the assignee of the entire right, title and interest in and to Voisin's invention. (*Id.* ¶¶ 3-4).

During prosecution, the U.S. Patent and Trademark Office ("USPTO") Examiner determined that Claims 5 and 27-38 of the '704 application were anticipated under 35 U.S.C. § 102(e) by patent No. 5,773,064 of Tesvich *et al*. (*Id.* ¶ 5). After an administrative hearing, the USPTO's Board of Patent Appeals and Interferences ("BPAI"), by a written decision dated February 24, 2006, affirmed the Examiner's rejection of the claims. (*Id.* ¶ 6 & Ex. A).

Innovatit believes that the claims of the application are novel and not anticipated in view of the cited prior art, and seeks review of BPAI's decision pursuant to 35 U.S.C. § 145. That provision states:

> An applicant dissatisfied with the decision of the Board of Patent Appeals and Interferences in an appeal under section 134(a) of this title may, unless appeal has been taken to the United States Court of Appeals for the Federal Circuit, have remedy by civil action against the Director in the United States District Court for the District of Columbia if commenced within such time after such decision, not less than sixty days, as the Director appoints. The court may adjudge that such applicant is entitled to receive a patent for his invention, as specified in any of his claims involved in the decision of the Board of Patent Appeals and Interferences, as the facts in the case may appear and such adjudication shall authorize the Director to issue such patent on compliance with the requirements of law. All the expenses of the proceedings shall be paid by the applicant.

The patent regulations provide, in relevant part, that:

> Any applicant . . . dissatisfied with the decision of the
> Board of Patent Appeals and Interferences . . . may, instead
> of appealing to the U.S. Court of Appeals for the Federal
> Circuit (§ 1.301), have remedy by civil action under 35
> U.S.C. 145 or 146, as appropriate. Such civil action must
> be commenced within the time specified in § 1.304.

37 C.F.R. § 1.303(a). Section 1.304(a)(1) provides, *inter alia*, that the time for commencing a civil action is two months from the date of the decision of the BPAI.

Thus, Innovatit had two months – until April 24, 2006 – to file its complaint in the U.S. District Court for the District of Columbia.[2]

On April 22, 2006, Innovatit's patent counsel, Keaty Professional Law Corporation ("Keaty"), located in New Orleans, Louisiana, sent a complaint and other required documents to initiate a civil action for filing in this Court to the Clerk's Office. (Ex. 1). The package was sent by Federal Express for delivery on April 24, 2006, and it was in fact delivered on that date. (Ex. 2).

At the time the complaint was sent to Washington for filing, Innovatit had not yet retained local counsel admitted to the Bar of this Court. A member of Innovatit signed the complaint on behalf of the assignee. (Ex. 1 at 3). Thomas S. Keaty, a member of the Bar of several U.S. District Courts, also signed the complaint. (*Id*. at 4; Ex. 3). Innovatit requested that the correspondence be directed to Keaty.

On May 2, 2006, Keaty received by mail from the Clerk's Office the original complaint, along with the filing fee. The Clerk did not file the complaint because it was not signed by a member of the Bar and a corporation cannot appear *pro se*. (Ex. 4).

---

[2]    Under the regulation, the times "specified in months are calendar months except that one day shall be added to any two-month period which includes February 28." 37 CFR § 1.304(b).

Innovatit then promptly retained counsel admitted to this Court's Bar and refiled the complaint on May 4, 2006.

Innovatit requests that the complaint be given the original filing date – April 24, 2006. Innovatit submits that should the Court deny this motion, Innovatit may be deprived of its right to the judicial review of the USPTO decision. Such a harsh result was not contemplated by the statute or the Federal Rules of Civil Procedure.

## **ARGUMENT**

Despite the liberal language of 28 U.S.C.A. § 1654,[3] corporations, partnerships, associations, and any other artificial entities may appear in federal courts only through a licensed attorney. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1384-86 (11th Cir. 1985); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004); *Lennon v. McClorey*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998).

However, there is no requirement in statute, case or rule that requires a Clerk to fail to file a document not signed by an attorney for the corporation. To the contrary, Fed. R. Civ. P. 5(e) provides that:

> The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . . The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rules or practices.

---

[3]    This statute provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

In addition, Fed. R. Civ. P. 11(a) also gives a party the opportunity to correct an unsigned paper: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

Here, the Clerk's Office refused to file Innovatit's complaint as not being in proper form because it was not signed by member of this Court's Bar. Under both Rules 5(e) and 11(a), the Clerk should have accepted the complaint for filing – thus ensuring that it was timely filed for § 145 purposes – and then given Innovatit the opportunity to correct it. Indeed, Innovatit could have filed an amended complaint without leave of court or the consent of the defendant. Fed. R. Civ. P. 15(a).

Indeed, the cases are legion in which a corporate party, seeking to proceed in litigation without counsel, has been given a warning by the Court and an opportunity to retain counsel. For example, in *Flynn*, 311 F. Supp. 2d 30, when corporate defendants appeared *pro se*, the Court ordered the corporations to retain counsel and warned that a default judgment could be entered for non-compliance. *Id.* at 35, 37. *See also United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (entry of a default judgment by the District Court, was appropriate where the court had ordered defendant corporation to retain counsel and defendant had failed to do so); *Arch Assocs. v. HuAmerica Int'l*, 1994 U.S. Dist. Lexis 2265, at *3-4 (S.D.N.Y. Mar. 1, 1994) (warns defendant that failure to retain counsel within 60 days will result in entry of default judgment); *Transportes Aereos de Angola v. Ronair, Inc.*, 104 F.R.D. 482, 505 (D. Del. 1985) ("this Court has explicitly advised Jet Traders at least three times previously . . . that a corporation *must* be represented by counsel or have its claims dismissed.") (emphasis in original); *In re Oglesby*, 333 B.R. 788, 790 (Bankr. S.D. Ohio 2005) (Court

gave creditor the opportunity to obtain representation and file an appropriate response); *Lady Kelly, Inc. v. U.S. Sec'y of Agriculture*, 414 F. Supp. 2d 1298, 1299-1300 (C.I.T. 2006) (Court struck plaintiff corporation's response to a motion to dismiss signed by its sole shareholder, but extended the plaintiff's time to file, through an attorney, a new response). Further, in cases where a case has been dismissed because a corporation appears *pro se*, the dismissal should be without prejudice. *See, e.g.*, *Memon v. Allied Domeco QSR*, 385 F.3d 871, 873-74 (5th Cir. 2004). Dismissal is an extreme sanction that deprives a litigant of the opportunity to pursue its claim. *Id*. at 874.

Here, the Clerk's failure to file Innovatit's complaint could be considered akin to a dismissal in light of the two month deadline set forth in the USPTO regulations implementing § 145. 37 C.F.R. §§ 1.303(a), 1.304(a)(1). The Clerk's Office refused to file the timely April 24, 2006 complaint that was signed by a member of Innovatit, a family-owned business. Innovatit was not given any opportunity to correct the filing. In fact, the Clerk's Office simply returned the complaint by mail to Innovatit's Louisiana counsel, and the envelope was not delivered to New Orleans until May 2 – after the two month deadline.

Unless remedied, the Clerk's actions could have the result of precluding Innovatit from seeking redress of the decision by the USPTO and constructively denying the inventor the rights to his invention. By statute, "patents shall have the attributes of personal property." 35 U.S.C. § 261. The potential deprivation of property can be remedied by ordering that the complaint was deemed filed on April 24, 2006. *See Keith v. Heckler*, 603 F. Supp. 150, 156 (E.D. Va. 1985) (Court entered a nunc pro tunc order

giving the complaint a filing date as of the date the complaint was received in the Clerk's Office).

In addition, there is another reason to grant the requested relief. Thomas S. Keaty, Innovatit's Louisiana patent counsel did, in fact, sign the complaint that was rejected by the Clerk. (Ex. 1). Local Rule 83.6 provides that "[a]n attorney eligible to appear may enter an appearance in a civil action by signing any pleading described in [Fed. R. Civ. P. 7(a)]." Those eligible to appear here are active members in good standing of (1) the District of Columbia Bar, or (2) the highest court of any state where the attorney maintains her practice and a U.S. District Court that provides for reciprocal admission. Local Rule 83.8(a). Mr. Keaty is a member in good standing of the Bars of, *inter alia*, the State of Louisiana and the U.S. District Court for the Southern District of Texas and the Eastern, Middle and Western Districts of Louisiana. (Ex. 3). Therefore, he was eligible to sign Innovatit's complaint and the Clerk erroneously rejected the filing based on the pro se signature that was also on the complaint.

Accordingly, on this record, it would be unfair and unjust to potentially deprive Innovatit of a patent right because of a technical error that could have been easily remedied. Innovatit respectfully requests that the complaint in this action be deemed filed as of April 24, 2006.

## CONCLUSION

For all the foregoing reasons, Innovatit respectfully requests that the Court grant this motion and treat the complaint in this action as having been filed on April 24, 2006.

Dated:  May 22, 2006                    Respectfully submitted,


                                           /s/ Richard J. Oparil
                                          Richard J. Oparil
                                          District of Columbia Bar No. 409723
                                          PATTON BOGGS LLP
                                          2550 M Street, NW
                                          Washington, DC 20037
                                          (202) 457-6000
                                          (202) 457-6315 (fax)


                                          *Attorney For Plaintiff*
                                          *Innovatit Seafood Systems LLC*

*Of Counsel:*

Scott A.M. Chambers, Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000
(703) 744-8001 (fax)

#4804902