**Ex. 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INNOVATIT SEAFOOD SYSTEMS, LLC    )
                                  )
    Plaintiff,                    )        Civil Action No.
                                  )
    v.                            )
                                  )
COMMISSIONER FOR PATENTS          )
                                  )
    Defendant                     )

## COMPLAINT

1. This suit arises under the patent laws of the United States, 35 U.S. Code, and seeks a review of the decision of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office in patent application No. 09/949,704. This decision was adverse to the inventor, Ernest A. Voisin (hereinafter "Voisin"), rejecting claims of an application entitled "A Process of Eliminating Bacteria in Shellfish of Shucking Shellfish and an Apparatus Therefor."

2. Review by this Court is specifically provided for under 35 U.S.C. § 145 and jurisdiction is also proper under 28 U.S.C. § 1331(a), as the matter in controversy arises under the laws of the United States and exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Plaintiff, Innovatit Seafood Systems, LLC, is the assignee of the entire right, title and interest in and to the invention of Ernest A. Voisin relating to a post-pressurized bacteria-free raw shellfish (E.G. oysters) that have been subjected to high pressure in the range of 20,000 to 50,000 p.s.i. to render the product substantially bacteria-free, while maintaining sensory characteristics of raw shellfish, disclosed and claimed in U.S. patent application Serial No. 09/949,704 filed in the U.S. Patent and Trademark Office on September 1, 2001 and entitled "A

Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and an Apparatus Therefor."

4. Plaintiff is a citizen of the State of Louisiana, having its principal place of business at 116 East Ellendale Estates Court, Houma, Louisiana 70360.

5. The U.S. Patent and Trademark Office Examiner determined that Claims 5 and 27 through 38 are anticipated under 35 U.S.C. 102(e) by patent No. 5,773,064 of Tesvich et al.

6. After an administrative hearing based in part on evidentiary records developed by plaintiff and in part on the arguments of plaintiff contained in the brief filed by Plaintiff's counsel, the Board of Patent Appeals and Interferences, by a written decision dated February 24, 2006, erroneously affirmed Examiner's rejection of the claims. A copy of the Board's decision is attached hereto as Exhibit A.

7. Plaintiff submits that the claims of the application are novel and not anticipated by the cited prior art.

WHEREFORE, the plaintiff prays:

1. That the Court issue an order reversing the decision of the Board of Patent Appeals and Interferences and allowing claims 5 and 27 through 38 of the application;

2. That this Court direct the U.S. Patent and Trademark Office to issue a patent thereon to Innovatit Seafood Systems, LLC as the assignee of the entire right, title and interest to the invention; and

3. For such other relief as the Court deems proper.

Respectfully submitted,
Innovatit Seafood Systems, LLC

By: _____

Steven Voisin, Member
Innovatit Seafood Systems
P.O. Box 3916
Houma, LA 70361
(985) 868-7191
info@keatypatentfirm.com
please forward all information to
Keaty Professional Law Corporation
2 Canal Street
2140 World Trade Center
New Orleans, LA 70130

Verification
I declare under penalty of perjury that the foregoing is true and correct.
Executed on April 21, 2006.

_____

Please Serve:
Office of the Solicitor
U.S. Patent Office
P.O. Box 1450
Alexandria, VA 22313-1450

U.S. Attorney for District of Columbia
U.S. Court House
333 Constitution Avenue, NW
Washington, D.C. 20001

Alberto R. Gonzalez
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Respectfully submitted this date, 2⅙, April 2006

Thomas S. Keaty
Keaty Professional Law Corporation
2 Canal Street
2140 World Trade Center
New Orleans, Louisiana 70130
(504) 524-2100
(504) 524-2105
Attorney for Applicant/Appellant

Appeal No. 2005-1558
Application No. 09/949,704

No time period for taking any subsequent action in

connection with this appeal may be extended under 37 CFR

§ 1.136(a)(1)(iv)(2004).

**AFFIRMED**


TERRY J. OWENS                            )
Administrative Patent Judge )
                                          )
                                          )
                                          )
THOMAS A. WALTZ                           )    BOARD OF PATENT
Administrative Patent Judge )    APPEALS AND
                                          )    INTERFERENCES
                                          )
                                          )
BEVERLY A. FRANKLIN                       )
Administrative Patent Judge )


TAW/tf

13

Appeal No. 2005-1558
Application No. 09/949,704


KEATY PROFESSIONAL LAW CORPORATION
THOMAS S. KEATY
2533 AMERICAN WAY
PORT ALLEN, LA 70767

Appeal No. 2005-1558
Application No. 09/949,704

Appeals & Interferences in a decision mailed March 10, 2003 (see the Brief, unnumbered page 1; Appl. No. 09/121,725 is now on appeal as Appeal No. 2005-1101). Since the issue in Appl. No. 09/121,725 is anticipation of the process of making the oyster product now claimed in this application, the Yasushi reference would appear relevant to the product claims.

### SUMMARY

The decision of the examiner is affirmed.

Appeal No. 2005-1558
Application No. 09/949,704

tasted by Nelson is the final oyster product of Tesvich '064.

The Sunseri Declaration is essentially the same as the Nelson Declaration and we find the same deficiencies in this Declaration. Accordingly, we adopt our comments from above.

For the foregoing reasons and those stated in the Answer, we determine that the examiner has established a prima facie case of anticipation based on the reference evidence. Based on the totality of the record, including due consideration of appellant's arguments and evidence, we determine that the prima facie case of anticipation has not been adequately rebutted. *See In re Brown, supra.* Therefore we affirm the examiner's rejection of claim 5, and claims 27 through 38 which stand or fall with claim 5, under 35 U.S.C. § 102(e) as anticipated by Tesvich '064.

### OTHER ISSUES

In the event of further prosecution of this application or continuing applications before the examiner, the examiner and appellant should consider the patentability of the claimed subject matter now on appeal in view of Yasushi et al. (Yasushi), Japanese unexamined patent application No. H4-356156, published December 9, 1992. This prior art reference was cited and applied in related application no. 09/121,725, and a rejection of the process claims in 09/121,725 was affirmed by the Board of Patent

11

Appeal No. 2005-1558
Application No. 09/949,704

conditions used to produce the oysters tested (Declaration, page 3). The Declarant further states that the oyster meat's outer membrane is "usually" cut with the Tesvich oyster but does not specify if this was the product actually tasted (Declaration, page 3). Declarant also states that the Tesvich process is "very difficult" to control and results in "over cooking" the less dense oysters with attendant curling and shrinkage of the meat (Declaration, page 2). However, as correctly noted by the examiner (Answer, page 7) and discussed above, the Tesvich '064 process results in control of temperature and duration of immersion, depending on oyster size, to not cook the oyster meat. Declarant specifically states that the Tesvich process involves batches of oysters "containing oysters of varying sizes and densities" (Declaration, page 2). This statement goes directly against the teachings of Tesvich '064, who teaches that "[d]uring separation step 14 the product is also separated into grades according to size" (col. 5, ll. 11-13). Tesvich '064 also teaches that the conditions used in his "mild heat treatment process" that are necessary to eliminate bacteria and allow the oyster to remain uncooked depends on the time, temperature and "grade size" of the oyster (col. 5, ll. 44-47). Accordingly, there is no convincing evidence that the final oyster product

10

Appeal No. 2005-1558
Application No. 09/949,704

claimed on appeal versus the specific heat treatment of Tesvich '064 (see the Answer, page 6). The conclusions set forth in the Kilgen letter specifically depend "on the level of heat," indicating that new permanent covalent bonds *may* be formed (third full paragraph, last sentence, emphasis added). Accordingly, there is no conclusive evidence in this letter that the oysters as claimed in claim 5 on appeal differ from those produced by the process of Tesvich '064.

The letter from Drs. Bell and Bankston (Exhibit 2) has the same deficiency as discussed above, namely it only refers generically to oysters produced by "Motivatit's high pressure process (HPP)" and "Ameripure," but does not specifically identify the processes used to produce these oysters. Similarly, the letter from Dr. Bell and the accompanying study by Dr. Xu (Exhibit A) do not specify the exact conditions under which the oysters were produced. Finally, we note that the Bell-Bankston letter (Exhibit 2) admits that the final product oyster from Motivatit and Ameripure are both "*vibrio* free" and only differ in physical condition "depending on the application of the shucking knife" (Exhibit 2, third paragraph; see the Answer, page 6).

The Nelson Declaration is not convincing since this Declaration again does not identify the specific process

9

Appeal No. 2005-1558
Application No. 09/949,704

25-42; col. 4, ll. 26-39). If the temperature of the water bath
and duration of the heat treatment were sufficient to "cook" the
oyster meat of selected oysters (Tesvich '601, col. 4, ll.
26-39), one of ordinary skill in this art would not have employed
these conditions in view of the teachings of Tesvich '064
discussed above.

Appellant argues that the claimed terms "post-pressurized"
and "pressure-shucked" are terms describing physical
characteristics of the product (Brief, unnumbered page 11; Reply
Brief, page 4). Appellants further argue that evidence has been
submitted that shows the end product of the claims differs from
the end product of the reference (Brief, unnumbered page 6).
This evidence comprises Exhibits 1 through 4 and Exhibit A,
including the statement of Dr. Kilgen, the letter from Drs. Bell
and Bankston, the studies by Dr. Xu, and the Declarations under
37 CFR § 1.132 by Mr. Nelson and Mr. Sunseri (Brief, unnumbered
pages 7-10; Reply Brief, pages 4-8 including Exhibit A). We do
not find this evidence persuasive for the following reasons.

The Kilgen letter (Exhibit 1) is not probative evidence
since the letter only refers to the processes of "thermal or heat
processing" and "high pressure processing (HPP)" in general, with
no specific statement regarding the specific process as now

8

Appeal No. 2005-1558
Application No. 09/949,704

would be only *routine* experimentation for one of ordinary skill
in this art to optimize the immersion time and water bath
temperature, depending on the grade size of the oyster, to
produce the desired uncooked bacteria-free raw oyster product of
Tesvich '064 (see col. 5, ll. 37-56; col. 6, ll. 19-31). *See*
*In re Hafner,* 410 F.2d 1403, 1405, 161 USPQ 783, 785 (CCPA
1969)(different standards for enablement under section 112 for an
application and a prior art reference); *PPG Indus., Inc. v.*
*Guardian Indus. Corp.,* 75 F.3d 1558, 1564, 37 USPQ2d 1618, 1623
(Fed. Cir. 1996)("The fact that some experimentation is necessary
does not preclude enablement; what is required is that the amount
of experimentation 'must not be unduly extensive' [Citation
omitted]"). We note that Tesvich '064 specifically teaches that
the prior art uses heating and cooling to destroy unwelcome
bacteria but the temperatures and duration employed are
sufficient to cook the meat, while Tesvich desires to produce a
product in the raw state that is bacteria-free (col. 2, ll.
8-23). Finally, we note that Tesvich '601 merely confirms the
above discussed optimization, teaching that different
temperatures and time durations have been found to give excellent
results, depending on the size of the oysters and the internal
temperature of the oyster meat (col. 1, ll. 51-62; col. 2, ll.

7

Appeal No. 2005-1558
Application No. 09/949,704

Appellant argues that the cited reference does not disclose
a bacteria-free product, as evidenced by later admissions of the
same inventors (Tesvich '601)(Brief, unnumbered page 6).
Appellant argues that Tesvich '601 (Exhibit 5) acknowledges that
the heating of oysters in their shells to temperatures above
53 °C. (127.4 °F.) causes edges of the meat to curl and shrink
due to protein degradation, thus "cooking" the oyster (Brief,
unnumbered page 10). Appellants also argue that Tesvich '601
teaches that the water bath temperature must be between 49 and
55 °C. to kill *Vibrio vulnificus* bacteria (*id.*). Thus appellants
assert that Tesvich '064 does not disclose a "practical" method
of eliminating bacteria, the product of the '064 patent is
"cooked," and undue experimentation is required to follow the
'064 patent to achieve the claimed result (Brief, unnumbered
pages 10-11).

These arguments are not persuasive. Tesvich '064 repeatedly
teaches that the shellfish product should be in a "raw, uncooked
state" (e.g., col. 3, 11. 61-65) and that the parameters of the
process should be chosen so "as to not cook the mollusk ... the
mollusk remains in a raw state" (col. 5, 11. 50-52) while the
pathogenic bacteria are reduced to an undetectable level (col. 2,
11. 44-46; col. 2, 1. 66-col. 3, 1. 4). We determine that it

6

Appeal No. 2005-1558
Application No. 09/949,704

in the more conventional fashion.    *See In re Fessmann,* 489 F.2d

742, 744, 180 USPQ 324, 326 (CCPA 1974).

     We agree with the examiner that the product of Tesvich '064

reasonably appears to be identical to the product recited in

claim 5 on appeal.  The raw shellfish of claim 5 on appeal is (1)

post-pressurized and pressure shucked; (2) free from pathogenic

naturally-occurring marine bacteria; and (3) retains the sensory

characteristics of raw product (see claim 5 on appeal as

reproduced above).  Tesvich '064 discloses raw shellfish which

has been (1) shucked (col. 3, ll. 5-7 and 61-65); (2) is free of

harmful pathogenic bacteria (reduced to undetectable levels; col.

2, l. 65-col. 3, l. 1; col. 3, ll. 45-49; and col. 6, ll. 19-24);

and (3) retains its natural fluids or liquor, thus retaining its

natural flavor and raw texture (col. 3, ll. 1-4; col. 5, ll.

52-55; and col. 6, ll. 15-18).  Thus the only difference between

the claimed raw shellfish and the product of Tesvich '064 is that

the claimed product has been post-pressurized and pressure-

shucked while the product of Tesvich '064 has been shucked

conventionally, i.e., mechanically or manually shucked.  For

reasons discussed below, we find no probative evidence that the

manually or mechanically shucked product of Tesvich '064 differs

from the pressure-shucked claimed product.

Appeal No. 2005-1558
Application No. 09/949,704

product (*id.*).

Appellant agrees with the examiner that the claims on appeal
are written in the product-by-process format (Brief, unnumbered
page 6; Answer, page 4). Appellant also agrees that, with such a
claimed format, it is the patentability of the product which must
be determined, not the process of making the product (*id.*; see
*In re Hirao*, 535 F.2d 67, 69, 190 USPQ 15, 17 (CCPA 1976); and
*In re Wertheim*, 541 F.2d 257, 271, 191 USPQ 90, 103 (CCPA 1976)).
As held by a predecessor of our reviewing court:

> ... the lack of physical description in a product-by-
> process claim makes determination of the patentability
> of the claim more difficult, since in spite of the fact
> that the claim may recite only process limitations, it
> is the patentability of the *product* claimed and *not* of
> the recited process steps which must be established.
> We are therefore of the opinion that when the prior art
> discloses a product which reasonably appears to be
> either identical with or only slightly different than a
> product claimed in a product-by-process claim, a
> rejection based alternatively on either section 102 or
> section 103 of the statute is eminently fair and
> acceptable. As a practical matter, the Patent Office
> is not equipped to manufacture products by the myriad
> of processes put before it and then obtain prior art
> products and make physical comparisons therewith.
> *In re Brown*, 459 F.2d 531, 535, 173 USPQ 685, 688 (CCPA
> 1972), emphasis in original.

In *Brown*, the court was in effect saying that the Patent Office
bears a lesser burden of proof making out a case of prima facie
unpatentability for product-by-process claims because of their
peculiar nature than would be the case when a product is claimed

4

Appeal No. 2005-1558
Application No. 09/949,704


The examiner has relied on Tesvich et al. (Tesvich '064),
U.S. Patent No. 5,773,064, issued on June 30, 1998, as the sole
evidence of unpatentability.  Appellant has relied on Tesvich et
al. (Tesvich '601), U.S. Patent No. 5,976,601, issued on Nov. 2,
1999, as evidence for patentability (Brief, page 10; Exhibit 5).
Claims 5 and 27-38 stand rejected under 35 U.S.C. § 102(e) as
anticipated by Tesvich '064 (Answer, page 3).

Based on the totality of the record, we *affirm* the
examiner's rejection on appeal essentially for the reasons stated
in the Answer, as well as those reasons set forth below.

**OPINION**

The examiner finds that Tesvich discloses a raw shellfish
product free of pathogenic bacteria, including *Vibrio vulnificus*
bacteria, where the shellfish is an oyster with a flexible band
closing its shell kept at a refrigerated temperature, and is
presented to the consumer in its shucked state (Answer, page 4).
The examiner notes that the claims are recited in
product-by-process format and that patentability is determined
based on the product itself, not the method of producing the
product (*id.*).  Therefore the examiner finds reasonable belief
that the product of Tesvich '064 is the same as the claimed

3

Appeal No. 2005-1558
Application No. 09/949,704

50,000 p.s.i. to render the product substantially free from
pathogenic naturally-occurring marine bacteria while the sensory
characteristics of raw shellfish are retained (Brief, unnumbered
page 2).[1]  Appellants states that every claim is believed to be
"separately patentable" (Brief, unnumbered pages 3-4).  However,
appellant merely recites the limitations of each claim and states
that the "cited prior art fails to disclose" these limitations.
Without more specificity, we determine that appellant has not
complied with 37 CFR § 1.192(c)(7)(2003)("[m]erely pointing out
differences in what the claims cover is not an argument as to why
the claims are separately patentable"), and thus the claims stand
or fall together.  Accordingly, we select claim 5 from the
grouping of claims and decide the ground of rejection in this
appeal on the basis of this claim alone.  *See In re McDaniel*,
293 F.3d 1379, 1382-83, 63 USPQ2d 1462, 1464 (Fed. Cir. 2002).
Representative independent claim 5 is reproduced below:

> A post-pressurized raw shellfish that is pressure-
> shucked and free from pathogenic naturally-occurring marine
> bacteria and which has undergone treatment by exposing said
> raw shellfish to pressure of about between 20,000 p.s.i. and
> 50,000 p.s.i, said raw shellfish retaining sensory
> characteristic of raw product.

---

[1]We refer to and cite from the Substitute Brief dated June
13, 2003.

2

The opinion in support of the decision being entered
today was *not* written for publication and is *not* binding
precedent of the Board

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

---

*Ex parte* ERNEST A. VOISIN

---

Appeal No. 2005-1558
Application 09/949,704

---

HEARD: January 26, 2006

---



MAILED

FEB 2 4 2006

U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Before OWENS, WALTZ, and FRANKLIN, *Administrative Patent Judges.*

WALTZ, *Administrative Patent Judge.*

### DECISION ON APPEAL

This is a decision on an appeal from the primary examiner's
final rejection of claims 5 and 27 through 38, which are all of
the claims pending in this application.  We have jurisdiction
pursuant to 35 U.S.C. § 134.

According to appellant, the invention is directed to a
post-pressurized bacteria-free raw shellfish (e.g., oysters) that
has been subjected to high pressure in the range of 20,000 to



CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Innovatit Seafood Systems, LLC | |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN × IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

□ 3 Federal Question (U.S. Government Not a Party)

□ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**☒ C. Administrative Agency Review**

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g))

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**□ E. General Civil (Other) OR □ F. Pro Se General Civil**

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
☒ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)*. | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 American w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

---

**V. ORIGIN**
☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☒ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

35 USC sec 145, Appealed from the decision of U.S. Patent Office

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 **DEMAND $** Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO If yes, please complete related case form.

DATE 4/21/06 SIGNATURE OF ~~ATTORNEY OF RECORD~~ pro se *E. A. Vai*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

II. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

14897

OTIVATIT SEAFOOD, INC.

4-21-06

U.S. DISTRICT COURT

(PATENT)  FILING FEE          $350.00

APP. #09/949,704              SV.

14897

**MOTIVATIT SEAFOOD, INC.**
P.O. BOX 3818
HOUMA, LA 70361

COASTAL COMMERCE BANK
84-528-654

4-21-06        $350.00
DATE            AMOUNT

PAY
TO THE
ORDER
OF

U.S. DISTRICT COURT
THREE HUNDRED FIFTY & 00/100 ——

MOTIVATIT SEAFOOD, INC.

MP

I⁛014897I⁛ ⁛065405284⁛    I⁛121871I⁛

**Ex. 2**

Track Shipments
**Detailed Results**

(?) Quick Help

| | | | |
|---|---|---|---|
| Tracking number | 857108164720 | Delivered to | Receptionist/Front Desk |
| Signed for by | W.JOHNSON | Service type | Priority Pak |
| Ship date | Apr 22, 2006 | Weight | 2.0 lbs. |
| Delivery date | Apr 24, 2006 10:35 AM | | |

*+ 48 hours*

**Status**          Delivered

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Apr 24, 2006 | 10:35 AM | **Delivered** | | |
| | 10:17 AM | Delivery exception | WASHINGTON, DC | Recipient location security delay. Delivery will be reattempted. |
| | 7:00 AM | On FedEx vehicle for delivery | WASHINGTON, DC | |
| | 6:26 AM | At local FedEx facility | WASHINGTON, DC | |
| Apr 23, 2006 | 6:13 PM | At dest sort facility | DULLES, VA | |
| | 4:33 PM | Departed FedEx location | MEMPHIS, TN | |
| | 3:40 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Apr 22, 2006 | 6:36 PM | Left origin | HARAHAN, LA | |
| | 1:52 PM | Picked up | HARAHAN, LA | |

| Signature proof | Email results | Track more shipments |
|---|---|---|

Subscribe to tracking updates (optional)

Your Name: [_____]          Your Email Address: [_____]

| Email address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [_____] | English ▼ | ☐ | ☐ |
| [_____] | English ▼ | ☐ | ☐ |
| [_____] | English ▼ | ☐ | ☐ |
| [_____] | English ▼ | ☐ | ☐ |

Select format: ⊙ HTML  ○ Text  ○ Wireless
Add personal message:

Not available for Wireless or non-English characters.

[_____]

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions          [Submit]

**Ex. 3**



Monday, May 22, 2006 11:46:2:

Thomas St. Paul Keaty, II     Thomas St. Paul Keaty, III     Bella I. Safro

# Resumes of Firm Members

## THOMAS ST. PAUL KEATY, II
### Patents, Trademarks, and Copyrights

THOMAS ST. PAUL KEATY, II, born Baton Rouge, Louisiana, January 3, 1943; admitted to bar 1972, Louisiana and U.S. District Court, Eastern, Middle and Western Districts of Louisiana; 1974-1982, U.S. Court of Appeals for the Federal Circuit; 1975, U.S. Court of Appeals, Fifth Circuit registered to practice before U.S. Patent and Trademark Office; 1980, U.S. District Court, Southern and Western Districts of Texas. Education: University of Southwestern Louisiana (ILS. in Chemical Engineering, 1966); Tulane University (J.D., 1972). Member, Moot Court. Lecturer: on Intellectual Property at Loyola University, New Orleans, Louisiana, 1979-1980; on Project Business, Newman School, New Orleans, Louisiana, 1981-; Guest Lecturer at Academy of the Sacred Heart, Economics, New Orleans, Louisiana, 1969-1972. Author: "What the U.S. Businessman should know about Patents, U.S. and Foreign," U.S. Department of Commerce Publication, 1979. Member, Legislative Liason, to Louisiana Secretary of State regarding Trademark System of Louisiana, 1982-1984. Author of La. Section of State Trademark and Unfair Competition Law by Clark Bardman, 1985 -; Member: Lafayette, New Orleans, Louisiana State, American Federal (Member, Board of Directors 1983-1985, Recording Secretary 1986, Treasurer 1987), and Texas Bar Associations; Louisiana Trial Lawyers Association; San Francisco Patent Law Society; Louisiana Engineering Society; American Society of Chemical Engineers; American Intellectual Patent Law Society.

Terms of Use | Privacy Policy
Copyright © 1996 - 2004 Keaty Patent Firm  All rights reserved

Ex. 4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

## RETURN DOCUMENT LETTER

X  Attorney presenting this case does not appear to be a member of the bar of this Court. SEE LOCAL RULE 83.8 AND 83.9. Attorney must either be a member of the District of Columbia Bar and a member of our bar, or, is an active member in good standing of the highest court of any state in which the attorney maintains his/her principal law office and is a member in good standing of a United States District Court that provides for reciprocal admission to members of the bar of this Court.

____  If you wish to relate this incoming case to an already existing case, as you have indicated on the bottom of the civil cover sheet, you MUST also provide the Court with a related case form, in duplicate.

X  All originals must be two-whole punched at the top as well as assembled. If you are unable to staple the pleadings, you must use Acco (metal) prong clips with fasteners.  Please be advised that originals must not be bound. Further, it is not acceptable to file loose papers in boxes nor to file them in 3-ring binders.

____  This Court's civil cover sheet is two-sided and both sides need to be completed when filing a new case. We have corrected your filing this time, but in the future, please use the enclosed current two-sided civil cover sheet for any future filings.

____  Attorney is a member of the bar of this Court, but is not active. Please check with our Attorney Admissions Office, (202) 354-3107, regarding his/her status. Pursuant to our Local Rules, Attorneys who have been admitted to the bar of this court, must renew their membership every three years, which includes completing the attorney renewal form and paying $25.00.

____  Not enough summons were submitted. If you choose not to have a defendant(s) waive service, you must submit a summons for each named defendant. Further, if you are naming a government agent or agency, you must supply two additional summons; one for the U.S. Attorney and one for the U.S. Attorney General.

____  $350.00 filing fee was not submitted. Check must be made payable to "Clerk, U.S. District Court".

_Your CHECK# 14896 IS THE AMOUNT OF $350.00 IS ATTACHED_

_Thank You,_

NANCY MAYER-WHITTINGTON, CLERK

By  _MAUREEN C. NEW CASE_
Deputy Clerk

_Pro INNOCENT SEATURE SYSTEMS_

_ATTY FOR PLTF_
_T. KENTY_
_4.29.06_

CO.
Rev. 4/04

n:\Forms\Return Document Letter