**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**INNOVATIT SEAFOOD SYSTEMS, LLC,** )
)
**Plaintiff,** )
)
**v.** ) **Civil Action No. 06-0825(JR)**
)
**COMMISSIONER FOR PATENTS,** )
)
**Defendant.** )

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DEEM COMPLAINT FILED AS OF APRIL 24, 2006 AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, Commissioner for Patents ("Commissioner"), has moved this Court to dismiss the Complaint of plaintiff, Innovatit Seafood Systems, LLC ("Innovatit"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the grounds that (1) the Court lacks subject matter jurisdiction, and (2) Innovatit's claims are time-barred. However, as set forth below, the Commissioner's motion is completely without merit and should be denied.

## FACTUAL BACKGROUND

On February 27, 2006, the Board of Patent Appeals and Interferences ("BPAI"), a department of the U.S. Patent and Trademark Office ("PTO"), affirmed a decision of the patent examiner, rejecting all claims of Innovatit's patent application No. 09/949,704. Pursuant to 35 U.S.C. § 145, an applicant dissatisfied with the decision of the PTO has the right to file an appeal to the U.S. District Court for the District of Columbia within 60 days from the final decision of the PTO. At the time when the PTO issued its final decision, the Greater New Orleans area, where Innovatit's and Innovatit counsel's offices are located, was still reeling from the effects of

Hurricanes Katrina and Rita. The U.S. Postal Service worked sporadically, with only few outlets open; and even those worked limited hours. Telephone service was extremely unreliable. (Ex. 1, Affidavit of Thomas S. Keaty ("Keaty Affidavit") ¶¶ 6, 7; Ex. 2, Affidavit of Steven Voisin ("Voisin Affidavit") ¶ 5).

The PTO mailed the BPAI decision on February 24, 2006. By the time Innovatit's counsel received the PTO decision and was able to contact his client, Innovatit, there was little time left to draft a complaint and retain local counsel in the District of Columbia to represent Innovatit in its claims under 35 U.S.C. § 145. To prevent loss of rights in the valuable invention, Innovatit instructed its New Orleans counsel to prepare a Complaint for Innovatit's signature and filing with the District Court for the District of Columbia. A Complaint signed by a member of Innovatit's limited liability company and countersigned by Innovatit's counsel was sent to the Court on April 22, 2006 via Federal Express. On April 24, 2006, the Clerk returned (by mail) the Complaint and all accompanying documents as allegedly not complying with Local Rules.

On May 3, 2006, Innovatit re-filed its Complaint, this time signed by an attorney admitted to this Court's Bar, and requested the Court to deem the Complaint filed as of April 24, 2006, the original filing date. On July 24, 2006, the Commissioner filed a motion to dismiss under Rule 12(b)(1) or, alternatively, under Rule 12(b)(6) alleging lack of subject matter jurisdiction and that Innovatit's claim is time barred.

## ARGUMENT

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction over the claim. When reviewing a Rule 12(b)(1) motion, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *Armstrong v. Vance*, 328 F. Supp. 2d

50, 53 (D.D.C. 2004). In deciding the motion, the Court may look beyond the complaint to other evidence submitted by the parties. *See, e.g., United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir.), *cert. denied*, 540 U.S. 1003 (2003); *Armstrong*, 328 F. Supp. 2d at 53.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *See, e.g., Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003); *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir.), *cert. denied*, 534 U.S. 951 (2001). The Court will only grant a Rule 12(b)(6) motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Williams*, 348 F.3d at 1040. In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *See, e.g., Brown v. Plaut*, 131 F.3d 163, 172 n.2 (D.C. Cir. 1997); *Bernheim v. Litt*, 79 F.3d 318, 321(2d Cir. 1996); *Centers*, 398 F.3d at 333.

The Commissioner argues that Innovatit's claims are time barred and lays the responsibility for late filing on Innovatit and its counsel. However, the real fault lies in the turmoil in the operation of businesses and government and disruption in every means of communication persisting since the tragedy of Hurricanes Katrina and Rita. (Keaty Affidavit ¶¶ 6, 7, 9; Voisin Affidavit ¶¶ 5, 7). The Commissioner's motion utterly ignores the fact that the government's actions made strict compliance with the rules of timely filing next to impossible to achieve. Failure of the government to provide mail service and the means of communication in the Hurricane Katrina-affected areas are well documented. For example, a March 13, 2006 news article stated that:

> Katrina flooded the basement at the U.S. Postal Service's main sorting center in New Orleans and knocked out its electrical systems. The place remains closed. As a result, all New Orleans mail has to be sorted at an overworked center in Baton Rouge, 80 miles away.
>
> Delores Killette, a USPS vice president, said the post office hopes to have full service restored to New Orleans by the end of the summer. She said one major problem is that many postal employees were driven from their homes by Katrina.

(Ex. 3).

The government has a monopoly on the postal service in this country. Therefore, it should be held accountable for its failure to provide adequate service to the residents and businesses in New Orleans. The government should not be allowed to first set the stage for delayed deliveries and then take advantage of Rule 12(b) provisions claiming that Innovatit's claims are time-barred. Moreover, the Clerk's Office did not notify Innovatit or its counsel by telephone that there was any issue with the filing of the complaint. (Keaty Affidavit ¶ 14). Instead, the Clerk returned the filing by mail, and the envelope containing Innovatit's original filing documents was not received in New Orleans until after the expiration of the 60-day deadline. (Keaty Affidavit ¶ 16).

The government also argues that Innovatit's interpretation of Fed. R. Civ. P. 5(e) is misleading, suggesting that the sentence "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose" refers only to electronic filing. Such interpretation is contrary to the plain meaning of the Rule.[1] The phrase "for that purpose" clearly relates to accepting a

---

[1] Rule 5(e) provides that: "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, which the Judicial Conference of the United States establishes. A paper filed by electronic means

paper for filing. If the last sentence applied only to electronic filing, the drafters of the Rule could have easily written, "The clerk shall not refuse to accept for filing any paper presented *by electronic means* for that purpose." Since the last sentence of the Rule does not include the electronic filing limitation, the plain meaning of the sentence is that the Clerk of the Court has no authority to refuse to file any paper regardless of whether it complies with local rules or practices.

The Commissioner's argument is expressly contradicted by the Advisory Committee Notes for the 1991 amendment of Rule 5(e):

> The words "pleading and other" are stricken as unnecessary. Pleadings are papers within the meaning of the rule. The revision also accommodates the development of the use of facsimile transmission for filing.
>
> **Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision.** The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court. [Emphasis added.]

Accepting the Commissioner's argument here would mean that a Clerk **would have** the authority to refuse to accept papers, contrary to the intent of the drafters of Rule 5(e).

Further, under the patent statute, an action to obtain a patent must be "commenced" within the requisite time period (60 days). 35 U.S.C. § 145. Under the Federal Rules, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A pleading,

---

in compliance with a local rule constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rules or practices."

including a complaint, is considered filed when placed in the possession of the clerk of court. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995); *see also* 4B C. Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1153 at 471 (2002) ("The original complaint [is] considered filed when ... placed in the possession of the clerk of the district court, which simply means delivery to the appropriate office of the courthouse"); 4 4B C. Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1052 at 219-22 (2002) ("Filing a complaint requires nothing more that the delivery of the document to a court officer authorized to receive it.").

In *McClellon v. Lone Star Gas Co.*, 66 F.3d 98 (5th Cir. 1995), a *pro se* plaintiff filed a procedurally deficient original complaint with the District Court within the 90-day period for appealing an EEOC determination. Id. at 100. The Court Clerk issued a deficiency notice, and the plaintiff submitted a satisfactory complaint after the applicable 90-day period. *Id.* The Fifth Circuit held that under Rule 5(e), a technically deficient pleading is still considered "filed" when it is placed in the possession of the Court. *See also Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) ("The statute of limitations in a suit based on federal law, as this one is, stops running when the complaint is filed . . . . The complaint is 'filed' for purposes of this rule when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like") (citations omitted); *New Boston Dev. Co. v. Toler*, 999 F.2d 140, 142 (6th Cir. 1993) ("as of December 1, 1991, filing of a complaint under the Federal Rules of Civil Procedure . . . is accomplished when the complaint is delivered to the clerk of the appropriate court. . . . We hold that filing takes place when the documents are tendered to the court clerk, local rules notwithstanding."); *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1257 (D. Kan. 2001) ("Filing under Rule 5(e) occurs with the delivery of the papers into the actual possession or custody of the clerk."); *Crawford-Mulley v.*

*Corning Inc.*, 77 F. Supp. 2d 366, 368 (W.D.N.Y. 1999) ("filing is complete only upon the clerk's receipt of those papers"); *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F. Supp. 2d 1092, 1095 (N.D. Ill. 1999) ("delivery to and receipt by the clerk of Paramount's pleading in the parallel action in the Eastern District of Missouri constituted the filing.").

Therefore, the government's argument regarding the alleged failure of Innovatit and Innovatit's counsel to comply with the Local Rules must fail. The Clerk of Court was obligated to follow the Federal Rules of Civil Procedure and accept the Complaint as filed on April 24, 2006. Only a judicial officer has the authority to require Innovatit to comply with the Local Rules, after the Complaint was assigned a case number and a filing date. Accordingly, this action should be deemed to have commenced on April 24, 2006, when the Clerk received Innovatit's Complaint. Innovatit's Complaint was timely filed, and the Commissioner's motion to dismiss should be denied.

Innovatit was severely prejudiced by the Clerk of Court's actions that were in clear violation of the Federal Rules. As a consequence, Innovatit not only could lose valuable patent rights, but it also has been forced to expend considerable sums of money to retain its original filing date. This expense continues as Innovatit now has to respond to the government's motion to dismiss. Such unnecessary costs imposed on Innovatit violate public policy of encouraging innovation and facilitating technical advancement of this nation.

**CONCLUSION**

For all of the foregoing reasons, Innovatit's motion to deem its complaint filed as of April 24, 2006 should be granted and the Commissioner's motion to dismiss should be denied.

Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil
District of Columbia Bar No. 409723
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
(202) 457-6315 (fax)

*Attorney For Plaintiff*
*Innovatit Seafood Systems LLC*

*Of Counsel:*

Scott A.M. Chambers, Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000
(703) 744-8001 (fax)

Thomas S. Keaty
KEATY PROFESSIONAL LAW CORPORATION
2140 World Trade Center
No. 2 Canal Street
New Orleans, LA 70130
(504) 524-2100
(504) 524-2105 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 21, 2006, he caused true and correct copies of the foregoing to be served upon defendant's attorneys of record at the following address as indicated:

**VIA FACSIMILE AND U.S. MAIL**

John F, Henault, Jr.
U.S. Attorney's Office
555 4th Street, NW
Washington, DC 20530
(202) 514-8780 (Fax)

/s/ Richard J. Oparil
Richard J. Oparil