UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INNOVATIT SEAFOOD SYSTEMS, LLC, </br></br>        Plaintiff, </br></br>    v. </br></br>JOHN DOLE, </br>Commissioner for Patents, </br></br>        Defendant. | Civil Action No. 06-0825 (JR) |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff's opposition contains several misleading arguments and, as explained below, should be rejected. First, plaintiff asserts that the "government" is responsible for their failure to file a timely complaint and therefore, the "government" should not benefit from its wrongdoing. This argument lacks merit, as the "government" is not party to this action and the defendant in this action has nothing to do with mail delivery.

Second, plaintiff argues that the Clerk does not have the authority to reject a complaint not signed by a member of this Court's bar, instead signed by a pro se corporation. Again, this argument is frivolous. Plaintiff's complaint did not suffer from a simple form deficiency. It actually violated established Supreme Court precedent that a corporation may not appear pro se in Federal Court.

Finally, plaintiff argues that if this Court does not permit it to use the date it sent an improper complaint to the Court as the date of filing, plaintiff will "lose valuable patent rights." This argument is not only false, it is a blatant attempt to mislead the Court. Under Patent & Trademark Office Regulations, plaintiff may petition the Commissioner of Patents to permit

plaintiff to file a complaint outside of the statutory and regulatory deadline after the time for filing has expired, provided plaintiff can show "excusable neglect." Thus, if this Court dismisses plaintiff's complaint as untimely, plaintiff can petition the PTO for a waiver, which under the regulations may be granted upon a showing of excusable neglect.

## ARGUMENT

I. **PLAINTIFF OFFERS NO VALID EXCUSE FOR ITS FAILURE TO FILE A PROPER COMPLAINT**

Plaintiff begins its opposition by asserting that it was the actions of the "government" following hurricane Katrina that prevented it from filing a timely complaint. Specifically, plaintiff asserts that it was prevented from filing a timely complaint because of the "failure of the government to provide mail service and the means of communication in the Hurricane Katrina-effected areas." Opp. at 3. Plaintiff then asserts that, because the "government has a monopoly on the postal service in this country," the "government should not be allowed to first set the stage for delayed deliveries and then take advantage of Rule 12(b) provisions claiming that Innovatit's claims are time barred." Id. at 3. Additionally, plaintiff offers the declarations of Thomas Keaty, Innovatit's patent counsel, and Steven Voisin, an officer of Innovatit, to support their contention that it was the failure of timely mail delivery that led to plaintiff filing an improper complaint. In sum and substance, plaintiff's arguments and proffered excuses are not sufficient to justify it filing an improper and, ultimately, untimely complaint.

The defendant in this action is the Commissioner for Patents. This defendant has no involvement in delivering the mail. This defendant has no control in handling mail. This defendant had no role in attempting to return mail service to its pre-hurricane Katrina levels in

Louisiana. Rather, those duties involve the United States Postal Service, which is *not* a party to this action.[1]

Contrary to these undisputed facts, plaintiff asserts that the "government" is responsible for their failure to file a timely complaint and therefore, the "government" should not benefit from its wrongdoing. Plaintiff's argument is devoid of merit – the "government" is not party to this action and the Commissioner of Patents has *nothing* to do with mail delivery.

To support its argument that plaintiff's failure to file a proper and timely complaint is the fault of the "government," plaintiff offers the declarations of Thomas Keaty, Innovatit's patent counsel, and Steven Voisin, an officer of Innovatit. Using these declarations as support, plaintiff argues that its inability to receive mail in a timely manner caused it to have to file the improper and untimely complaint. Evan a cursory reading of these declarations, however, shows that they *do not support* plaintiff's proposition. Although both declarations detail general delays in receiving mail and communicating by mail after hurricane Katrina, and the declaration of Mr. Keaty proffers the conclusory statement that by the time he received the PTO decision and was able to contact his client, there was little time to draft a complaint and retain local counsel in the District of Columbia, *neither* declaration provides the Court with the date on which plaintiff actually received the February 24, 2006 decision of the Board of Patent Appeals and Interferences ("BPAI") and *neither* declaration provides the Court with the date Mr. Keaty was actually able to discuss the matter with his client. Similarly, *neither* declaration proffers that either plaintiff or its counsel actually undertook any effort to attempt to contact an attorney

---

[1] Moreover, in this day in age, there are several private carriers who transmit letter and packages in competition with the United States Postal Service. Thus, plaintiff's statement that the "government" has a "monopoly" on the mail is not accurate.

admitted to the Bar of this Court. Thus, plaintiff's vague excuse that "by the time Innovatit's counsel received the PTO decision and was able to contact his client, Innovatit, there was little time to draft a complaint and retain local counsel in the District of Columbia" is entirely unsupported.

In fact, the record in this matter actually shows that plaintiff had plenty of time to retain counsel admitted to the Bar of this Court and file a timely complaint. The BPAI issued its decision on plaintiff's patent application on February 24, 2006. Pursuant to statute and regulations, plaintiff had two months to file a challenge to that decision. Plaintiff's counsel had the decision of the BPAI in his possession, and had conferred with his client at least as late as April 21, the date of the check for the filing fee. Thus, at the time it sent the complaint, plaintiff still had a week to retain counsel and file a proper and timely complaint. Plaintiff did no such thing. Instead, knowing that he was not admitted to the Bar of this Court, plaintiff's counsel signed the complaint, had an Officer of Innovatit sign the complaint, and then sent it to the Court. Given the foregoing time line, plaintiff had ample time to retain counsel admitted to the bar of this Court and file a proper and timely complaint. As such, plaintiff's excuses are without merit and should be rejected.

## II.    THE CLERK OF THE COURT PROPERLY REJECTED PLAINTIFF'S <u>PRO</u> <u>SE</u> COMPLAINT

On April 24, the Clerk of the Court received plaintiff's original complaint in this matter. However, because the complaint violated the Local Civil Rules, the clerk returned the original complaint to plaintiff. Under the Local Rules, all papers must be filed with the Clerk of this Court. <u>See</u> Local Civ. R. 5.1(a). Moreover, under the Local Civil Rules, the Clerk is authorized, and in fact mandated, to return pleadings not complying with this Court's filing requirements to

the party attempting to file such pleadings.  See Local. Civ. R. 5.1(i).  Furthermore, it is well established that a corporation may only appear in Federal Court through a licensed attorney, and may not appear pro se.  See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993).  Thus, any pleading filed by a corporation *must* be signed by a licensed attorney.  Pursuant to Local Civil Rule 83.2, only "an attorney who is a member in good standing of the Bar of this Court may appear, file papers and practice in this Court."  Local Civ. R. 83.2; Local Civ. R. 5.1(e)(2) (requiring pleadings be signed by a member of the Bar of this Court).  See also Blackman v. District of Columbia, 355 F. Supp. 2d 171, 171 (D.D.C. 2005) ("Without a District of Columbia Bar license, however, he may not practice law in the District of Columbia, including in this Court.").  Thus, any pleadings filed in this Court by a corporation must be filed by an attorney licensed to practice in this Court, or they are of no effect.  See Jaeckler, Fleischmann & Mugel v. Eco-Therm, Ltd., No. 86-2638 (CRR), 1987 WL 10512 (D.D.C. Apr. 29, 1987) (pleadings filed on behalf of a corporation by someone who is not a member of this bar are of no effect).  Plaintiff's complaint did not comply with this well established rule – it was signed by an attorney who is not licensed to practice in this Court or even in the District of Columbia.

    Notwithstanding the aforementioned Rules of Practice, plaintiff contends that the Clerk of the Court was obligated to accept its complaint, which was not signed by a licensed attorney.  In effect, plaintiff proffers that this Court should permit any attorney to file a complaint, whether or not they are licensed to practice law in this jurisdiction.  Thus, plaintiff requests that this Court hold that the Rules of Practice of this Court, as well as the D.C. Rules of Professional Conduct are entirely meaningless.  Nothing in the Federal Rules, of the Local Civil Rules,

mandates such a result.  In fact, plaintiff points to ***nothing*** that requires the Clerk of this Court to accept for filing a complaint on behalf of a corporation not signed by an attorney licenced to practice in this jurisdiction.  Although plaintiff cites to many case stating that the date of filing is when a pleading is lodged with the Clerk of the Court, notwithstanding a "deficiency in form," plaintiff's complaint in this matter suffered from more than a "deficiency in form."  Plaintiff's complaint was not signed by an attorney licensed to practice in this jurisdiction.  Thus, it was of *no effect* and the Clerk of the Court was not obligated to accept it for filing by Federal Rule of Civil Procedure, or any other Rule.[2]

In light of plaintiff's willful failure to file a complaint signed by an attorney licensed to practice in this Court, of even in the District of Columbia, this Court should reject plaintiff's excuses for its failure to file a proper and timely complaint.

### III.    PLAINTIFF'S CLAIMS THAT IT WILL LOSE VALUABLE PATENT RIGHTS UNLESS THIS COURT ACCEPTS ITS IMPROPER AND UNTIMELY COMPLAINT IS MISLEADING

Plaintiff's opposition asserts that, unless this Court permits it to use the date it sent an improper complaint to the Court as the date of filing, plaintiff will "lose valuable patent rights." Opp. at 7.  This claim is misleading.  First, as explained above, the fault for plaintiff filing an improper and untimely complaint lies solely with plaintiff itself.  Second, if this Court upholds the limitations period, and properly deems plaintiff's complaint untimely, plaintiff will not necessarily "lose valuable patent rights."

---

[2] Although a Court will typically provide a pro se plaintiff more latitude in complying with the Rules, plaintiff herein is not entitled to that latitude, as it was represented by counsel, albeit counsel not licensed to practice in this jurisdiction, and as a corporation plaintiff is not entitled to appear pro se.  See Defendant's Motion to Dismiss at 6.

Pursuant to 37 C.F.R. § 1.304(a)(3), "The Director [of the PTO] may extend the time for filing an appeal or commencing a civil action: (ii) Upon written request after the expiration of the period for filing an appeal or commencing a civil action upon a showing that the failure to act was the result of excusable neglect." 37 C.F.R. § 1.304(a)(3). As this provision evidences, plaintiff's plea for this Court to excuse its untimely filing is misplaced – it is a plea that belongs before the PTO in the first instance, not this Court. Cf. Marine Mammal Conservancy, Inc. v. Department of Agriculture, 134 F.3d 409, 411 (D.C. Cir. 1998) (party must exhaust administrative remedies prior to seeking relief from District Court). Thus, if this Court dismissed plaintiff's complaint, plaintiff may petition the PTO for a waiver of the filing deadline upon a showing of excusable neglect. Notwithstanding this clear and unambiguous provision, plaintiff's opposition fails to inform the Court that its claim that it will lose all patent rights unless this Court forgives its willful failure to comply with the Rules is not entirely accurate. In sum, because plaintiff's plea to file a patent action out of time properly belongs before the PTO, and not this Court, this Court should dismiss plaintiff's complaint as untimely.

## CONCLUSION

For the reasons set forth herein, as well as those set forth in defendant's motion to dismiss, this Court should dismiss plaintiff's complaint as untimely.

August 31, 2006                             Respectfully submitted,

                                            ____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

                                            ____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #424122
Assistant United States Attorney

                                            ___/s/_____
JOHN F. HENAULT, D.C. Bar #472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)