```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


INNOVATIT SEAFOOD SYSTEMS, LLC,    :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :  Civil Action No. 06-0822 (JR)
                                   :
COMMISSIONER FOR PATENTS,          :
                                   :
        Defendant.                 :


INNOVATIT SEAFOOD SYSTEMS, LLC,    :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :  Civil Action No. 06-0825 (JR)
                                   :
COMMISSIONER FOR PATENTS,          :
                                   :
        Defendant.                 :
```

## MEMORANDUM ORDER

In these related cases, plaintiff Innovatit Seafood Systems, LLC seeks review of a decision by the Board of Patent Appeals and Interferences ("BPAI") rejecting a pair of patent applications.  Plaintiff first attempted to file these suits on April 24, 2006, but the complaints were rejected by the Clerk for failure to comply with the Local Civil Rules.  Plaintiff's second filing - on May 3, 2006 - was accepted, but the filing date was after the statutory deadline.  Before me in both cases are plaintiff's motion to deem the complaint filed April 24, 2006, and defendant's motion to dismiss.

**BACKGROUND**

Plaintiff seeks review of two patent applications: No. 09/121,725, "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and an Apparatus Therefor" ("725 application"), and No. 09/949,704, "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and An Apparatus Therefor" ("704 application"). The U.S. Patent and Trademark Office Examiner rejected certain claims in each application. The BPAI affirmed in written decisions dated February 24, 2006 (for the 704 application) and February 27, 2006 (for the 725 application). Pursuant to 35 U.S.C. § 145, applicants may challenge BPAI decisions by filing suit in the United States District Court for the District of Columbia. Such suits must be filed within two months of the date of the BPAI decision. Id.; 37 C.F.R. §§ 1.303(a), 1.304(a)(1).

On April 22, 2006, Innovatit's counsel, Keaty Professional Law Corporation, attempted to file suit for each patent by sending to the Clerk's Office a complaint and other documents required for initiating a civil action.[1] Each complaint was signed by two people: Steven Voisin, a member of Innovatit, and Thomas Keaty, Innovatit's lawyer. The Clerk

---

[1] Filing of complaints by mail is permitted by the Supplement to the Local Civil Rules. See Documents Exempt from the CM/ECF System, Supplement to Local Civil Rules, at 7, available at http://www.dcd.uscourts.gov/LocalRulesSupplement.pdf.

received the complaints on April 24, 2006, but rejected them because they did not comply with Local Civil Rule 5.1(e)(2): neither complaint was signed by a member of the Bar of this Court or by someone with a pending application to become a member of our Bar.  (Although there is a general exception for *pro se* plaintiffs, a corporation, such as plaintiff, cannot appear *pro se*.)  On May 2, 2006, plaintiff received notification by mail that the complaints in both cases had been rejected.  Plaintiff then retained local counsel, refiled on May 3, 2006, after the statute of limitations had run, and now seeks to have the complaints deemed filed on April 24, when they were first received here.  Defendant opposes that motion and cross-moves for dismissal.

## ANALYSIS

Plaintiff concedes that the complaints it filed on April 24 did not comply with Local Civil Rule 5.1(e)(2) but maintains that the Clerk should have accepted them nevertheless. In rejecting the documents, the Clerk was acting pursuant to Local Civil Rule 5.1(i), which states: "A paper that does not conform to the requirements of this Rule...shall not be accepted for filing."  Rule 5(e) of the Federal Rules of Civil Procedure, however, states:

> The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith

> transmit them to the office of the clerk. A court may by local rule permit or requires papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A local rule may require filing by electronic means only if reasonable exceptions are allowed. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. <u>The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices</u>.

Fed. R. Civ. P 5(e)(emphasis added). Plaintiff contends that the last sentence of the rule prohibits the rejection of filings by the Clerk. The defendant argues that the last sentence of Rule 5(e) refers only to electronic filings and has no relevance here.

Plaintiff's interpretation is supported by the Advisory Committee Notes to the 1991 Amendment, as well as the case law. The Advisory Committee Note states:

> Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court.

Fed. R. Civ. P. 5, Advisory Committee Note.  The note makes clear that the Committee contemplated this exact situation and decided that judges, rather than clerks, should enforce the local rules.[2]

Other courts facing this issue have held that, for purposes of the statute of limitations, the filing date is the date that the complaint is tendered to the clerk, regardless of whether or not the clerk accepts the filing.  See, e.g., Robinson v. Doe, 272 F.3d 921, 922-23 (7th Cir. 2001)(holding that the complaint is filed for purposes of the statute of limitations "when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like...."); McClellon v. Lone Star Gas Co., 66 F.3d 98, 100 (5th Cir. 1995)("[A] pleading is considered filed when placed in the possession of the clerk of the court."); Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280 (9th Cir. 1983) ("[T]he district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules"); Smith v. Planned Parenthood of St.Louis Region, 327 F.Supp.2d 1016, 1020 (E.D.Mo. 2004)("The Clerk of the Court did not err in refusing to file the complaint until plaintiff paid the filing fee....Although the filing fee is mandatory, the

---

[2] As plaintiff notes, had the clerk accepted the complaints for filing, plaintiff could have amended them as a matter of course.  Fed. R. Civ. P. 15(a).

- 5 -

filing date for purposes of the statute of limitations is the date on which the complaint was lodged with the Clerk....")(internal citations omitted).

  Defendant contends that the pleadings in those cases suffered only a "deficiency in form," see, e.g., Robinson, 272 F.3d 921 (missing filing fee); Loya, 721 F.2d 279 (filed on wrong size paper), whereas plaintiff's complaint "suffered from more." Def.'s Reply at 6. Defendant cites no authority for that position and offers no compelling reason why this court should treat plaintiff's error as "something more." As the Seventh Circuit recently stated:

> Rule 5(e) will serve its function best if "proper form" covers all matters regulated by the rules of procedure. Clerks thus must take in whatever is tendered to them; a document may be rejected later if a judicial officer finds a problem, but the initial filing ensures that the process of vetting papers for compliance with the rules does not prevent satisfaction of time limits.

Farzana K. v. Indiana Dept. of Educ., 2007 WL 16217, *4 (7th Cir. 2007).

  Statutes of limitations exist in order to "insure fairness to defendants by preventing the revival of stale claims in which the defense is hampered by lost evidence, faded memories, and disappearing witnesses, and to avoid unfair surprise." Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 473 (1975). Defendant has articulated no prejudice that resulted from plaintiff's faulty filing or from the minor delay caused by the clerk's rejection of that filing. The local practice of

returning filings that do not comply with local rules exists for the convenience of this court.  Yet that practice "cannot defeat a right, which in this case is a right to arrest the running of the statute of limitations by filing a complaint in the district court, that is conferred by the national rules." Robinson v. Doe, 272 F.3d 921, 923 (7th Cir. 2001)(citing Fed. R. Civ. P. 83).

* * * * *

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to deem the complaint filed April 24, 2006 is **granted**; and it is

**ORDERED** that defendant's motion to dismiss is **denied.**


                                        JAMES ROBERTSON
                                   United States District Judge